UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | |
|---|---|
| CHARTER SCHOOL DEVELOPMENT SERVICES, INC. | Case No. 6:16-bk-04312<br>Chapter 11 – Lead Case |
| EDU-PRO MANAGEMENT, LLC | Case No. 6:16-bk-04313<br>Jointly Administered |
| Debtors._____/ | |

## DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

Debtors, Charter School Development Services, Inc. and Edu-Pro Management, LLC, by and through their proposed undersigned counsel, pursuant to 11 U.S.C. §§ 101(2), 105(a), 363(b), 541, 1107(a), and 1108, Federal Rules of Bankruptcy Procedure 1015(b) and 6003, and Local Rule 1015-1, hereby move the Court for entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the joint administration of their chapter 11 cases. In support of this Motion, the Debtors state as follows:

Preliminary Statement

1. Debtors are two businesses which have the same ownership, operate out of the same offices, and have the same major creditor and share many of the same unsecured creditors. Joint administration will allow for the efficient and convenient administration of these chapter 11 cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm the substantive right of any party in interest. In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court. The Debtors believe that the relief requested in this Motion

is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined herein).  The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion.  The Debtors anticipate that their principal secured and unsecured creditors would not oppose the relief requested herein, which seeks procedural relief only.

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 101(2), 105(a), 363(b), 541, 1107(a), and 1108, Federal Rules of Bankruptcy Procedure 1015(b) and 6003, and Local Rule 1015-1.

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties-in-interest to their respective Case Management Summaries.

## Relief Requested

7. The Debtors seek entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

8. The Debtors specifically request that their chapter 11 cases be jointly administered under the lowest case number of Charter School Development Services, Inc., also the largest of the Debtors.

9. The Debtors also request that if the cases are initially assigned to different judges, that the cases are transferred to the judge to whom the lowest numbered case was assigned.

## Basis for Relief

10. Rule 1015(b), *F.R.B.P.*, provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b).

11. As described in the Case Management Summaries, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. The Debtors share common ownership and control as well as sharing the same major creditor. As a result, many of the motions, hearings and orders that will arise in these cases will affect both Debtors.

12. Rule 1015(b), *F.R.B.P.*, promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure authorize the Court to grant the relief requested herein.

13. The Debtors submit that joint administration of their chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors and their estates.

14. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

15. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Charter School Development Services, Inc.; and (ii) Edu-Pro Management, LLC. The docket of Charter School Development Services, Inc. (Case No. 6:16-bk-04312) should be consulted for all matters affecting this case.

16. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors, their estates, and other parties-in-interest.

WHEREFORE, the Debtor, respectfully requests entry of an order, in the form attached hereto as **Exhibit "A"**, authorizing the joint administration of these chapter 11 cases for procedural purposes only and granting such other and further relief as is just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF to all parties participating in CM/ECF, on this 29th day of June, 2016, and will be furnished by U.S. mail to all creditors on June 30, 2016.

/s/Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
greid@nardellalaw.com

Proposed Counsel for Debtors

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | |
|---|---|
| CHARTER SCHOOL DEVELOPMENT SERVICES, INC. | Case No. 6:16-bk-04312<br>Chapter 11 – Lead Case |
| EDU-PRO MANAGEMENT, LLC | Case No. 6:16-bk-04313<br>Jointly Administered |
|       Debtors.<br>_____/ | |

**ORDER GRANTING DEBTORS' MOTION FOR JOINT ADMINISTRATION**

THIS MATTER came before the Court without hearing upon the Debtors' Ex Parte Motion for Joint Administration (Doc. No. 2) (the "Motion"). The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; (vi) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vii) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the Case Management Summaries, good and sufficient cause exists for the granting of the relief as set forth herein; it is hereby

**ORDERED:**

1.  The Motion is GRANTED.

2.  The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered. Case No. 6:16-bk-04312 of Charter School Development Services, Inc. is designated as the "Lead Case." Case No. 6:16-bk-04313 is transferred to the undersigned judge, if necessary.

17. A single case docket and court file will be maintained hereafter under the "Lead Case" number.

18. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

19. The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | |
|---|---|
| CHARTER SCHOOL DEVELOPMENT SERVICES, INC. | Case No. 6:16-bk-04312<br>Chapter 11 – Lead Case |
| EDU-PRO MANAGEMENT, LLC | Case No. 6:16-bk-04313<br>Jointly Administered |
| Debtors.<br>_____/ | |

20. Any party filing a pleading or paper (including a proof of claim) shall caption the pleading or paper in the same manner as used above in this order. However, the clerk shall docket each such pleading or paper only in the Lead Case. When so filed and docketed, the pleading or paper so far as material and applicable will be deemed filed in the other bankruptcy cases as though filed and docketed therein. Accordingly, no pleading or paper that is filed and docketed in any of

these cases after entry and docketing of this order shall be filed and docketed in the other related cases.

21. A pleading filed which relates only to a specific debtor shall refer to that debtor in the heading and shall be served on its creditors as required under the applicable rules.

22. Even though these cases are consolidated for purposes of procedural administration, the cases shall remain separate and distinct for all substantive purposes. Accordingly, the Debtors shall not, except as allowed by prior or subsequent Court order, commingle assets or liabilities.

23. The administration of all other matters, including but not limited to, the filing of a joint plan of reorganization shall be handled jointly with notices served accordingly.

24. Claims filed shall indicate the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case.

Attorney Michael Nardella is directed to serve a copy of this order on interested who are non-CM/ECF users parties and file a proof of service within 3 days of entry of the order.