UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CHARTER SCHOOL DEVELOPMENT  Case No. 6:16-bk-04312-RAC
SERVICES, INC.  Chapter 11

    Debtor.

_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

Debtor, Charter School Development Services, Inc., by and through its undersigned attorney, and pursuant to Local Rule 2081-1 of the United States Bankruptcy Court for the Middle District of Florida, hereby files its Summary of the Case and states as follows:

1. On June 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor is operating its business and managing its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Description of the Debtor's Business

3. Debtor owns a piece of commercial real estate located at 3450 Pleasant Hill Road, Kissimmee, Florida 34746, together with various furniture, fixtures, and equipment on site (the "Property").

4. Debtor currently leases the Property to a charter school, Avant Garde Academy ("Avant Garde"), who operates and uses the Property.

### Location of Debtor's Operations and Whether Leased or Owned

5. The Debtor's operations are managed from 9111 Philips Grove Terrace, Orlando, Florida.

6. Some of the Debtor's activities take place at the Property.

7. Debtor is an affiliate of Edu-Pro Management, LLC ("Edu-Pro") who filed for chapter 11 simultaneously with Debtor.

### Reasons for Filing Chapter 11 and Strategic Objectives

8. In 2012, Debtor purchased the Property to develop a charter school facility on site.

9. Debtor developed the site for a specific tenant, Acclaim Academy Florida, Inc. ("Acclaim"). Debtor's affiliate Edu-Pro also purchased and developed a site in Duval County for Acclaim.

10. Acclaim was a charter school marketed as a military academy.

11. Debtor, its principal Vince Desai ("Desai"), and its affiliate Edu-Pro, went out of their way to help Acclaim and its students, including as follows:

    a. While construction of the facility was underway, Debtor leased a temporary, 10,000 square foot facility and temporarily refurbished it to accommodate classrooms at an approximate expense of $475,000.00.

    b. Debtor provided free rent for Acclaim at the temporary facility at an approximate expense of $78,000.00.

    c. Debtor purchased school furniture, fixtures, and equipment for use by Acclaim and further purchased military uniforms as an accommodation for the students (which uniforms Debtor learned later were actually sold by Acclaim to its students).

    d. Debtor agreed to and provided rent rebates to the school based on student shortages as reported by Acclaim to the authorities (which

reporting numbers were eventually revealed to be fraudulent).

12. In exchange, Debtor and Acclaim signed a five-year lease.

13. To fund the initial purchase of the Property, some of the construction, and the accommodations to Acclaim, Debtor procured a loan from Stache Investments Corporation ("Stache"), for $3.5 million to develop the Property (the "Charter Loan").

14. On March 29, 2013, the Charter Loan was assigned to First Farmer's Financial, LLC ("FFF").

15. FFF then entered into a Modification and Renewal (the "Modification") with Debtor and increased the nominal amount of the Charter Loan to $8 million with a maturity date of July 1, 2015.

16. FFF was owned and controlled by Timothy Fisher ("Fisher") and Nikesh A. Patel ("Patel").

17. The Modification provided for a nominal 8% interest rate. However, only $5,285,723.72 of the stated Charter Loan amount was actually funded.

18. The remaining portion of the Charter Loan was paid to FFF or its agents and employees as various purported fees as well as other fees charged directly to Debtor. After the Modification, the total amount of fees on the Charter Loan totaled $3,157,440.69.

19. In the meantime, FFF billed and collected from Debtor interest only payments at 8% on the full $8 million nominal, but grossly underfunded, loan amount.

20. When the fees are spread over the term, the effective annual interest rate computes to 40.78%, well over the threshold for criminal usury under Florida law.

21. On November 10, 2014, a receiver was appointed over FFF and various other companies owned or controlled by Patel and Fisher in the case styled *In re First Farmers*

*Financial Litigation*, Case No. 1:14-cv-07581 in the United States District Court, Northern District of Illinois (the "Receivership Action").

22. The allegations in the Receivership Action include a massive fraud perpetrated by Patel and Fisher, among others, through FFF, which Patel and Fisher allegedly utilized to illegally obtain millions of dollars from the sale of fictional loans that were purportedly guaranteed either by the SBA or the USDA.

23. Fisher has apparently fled the country and Patel has been indicted.

24. The collapse of FFF created additional chaos for the Debtor. Payments were first directed to Patel's lawyer, Mark Nejame, and then were later requested by a federal receiver appointed in the Receivership Action, eventually Patrick Cavanaugh ("Lender").

25. In the meantime, Acclaim turned into a failing school. In March of 2015, Acclaim abruptly announced it was shutting down all operations and stopped paying rent. The school was shut down with almost no notice to parents or teachers.

26. Osceola County Public Schools asked Debtor if it could step in and take over the school to finish the school year, which it did, but Debtor accepted highly reduced rental income to accommodate the County's budget and protect the students.

27. On May 20, 2015, Acclaim filed for chapter 7 bankruptcy in the Middle District of Florida, Case No. 6:15-bk-04416-CCJ, which matter is still pending, but all operations have ceased.

28. The loss of Acclaim as a tenant was greatly damaging to Debtor's business and made worse since Debtor had purchased and developed the Property specifically for Acclaim.

29. Debtor began searching for a replacement tenant and eventually reached an agreement with Avant Garde.

30. Debtor loaned Avant Garde $50,000.00 and gave Avant Garde two months' free rent.

31. Unfortunately, Avant Garde also began experiencing financial difficulties. Due to Avant Garde's difficulties, and at its request, Debtor agreed to an additional deferment of a portion of its monthly rent. At this time, Debtor has deferred payment of over $200,000.00 in rent, which is still owed by Avant Garde.

32. In the meantime, Debtor could no longer afford 8% annual interest on the nominal amount of $8 million on the Charter Loan which payments were demanded by Lender.

33. Debtor then recently discovered that the Charter Loan is criminally usurious.

34. After informing Lender of the usury, Lender nevertheless filed an action in the Northern District of Illinois for foreclosure of the Property, which is located in Florida, and for the appointment of the Lender as receiver over the Property.

35. Debtor decided to file for chapter 11 to either reorganize or potentially confirm a plan to sell the Property free and clear and then have this Court rule on the usury. If the Lender's claim is disallowed, Debtor can use the proceeds of the sale, or its future revenues after reorganization, to pay its other creditors.

36. Debtor believes that on account of the criminal usury Debtor owes Lender nothing.

37. Debtor further understands that Avant Garde has an interest in purchasing the Property, and that there are other interested buyers.

38. Restructuring the debt allegedly owed to Lender and/or disallowing it in full will provide the Debtor with the means to pay its creditors and equity.

39. In the alternative, a sale of the Property through chapter 11 would allow the Court

to liquidate the Property so that the funds could be disbursed upon the entry of a judgment by this Court on the usury matters.

40. Without chapter 11, Lender will foreclose on the Property and the other creditors and equity will receive nothing.

### Officers, Directors, and Salaries

41. The Debtor has no board of directors, and one officer.

    a. Vince Desai, President.

### Debtor's Annual Gross Revenues

42. The annual gross revenues of Debtor are estimated to be $336,000.00.

### Amounts Owed to Various Secured and Unsecured Creditors

43. Subject to defenses and offsets, the following creditors may assert secured claims:

    a. Lender is allegedly owed money based on a mortgage and the Modification in the claimed approximate amount of $9,184,173.59. Lender purports to have a mortgage on the Property in first position. Debtor intends to have this claim valued at $0 and completely disallowed, or at a minimum, reduced to the amount of the loan actually funded minus additional penalties for usury as provided under Florida law.

    b. Debtor owes approximately $67,162.43 in unpaid property taxes for the years 2014 and 2015.

44. Subject to defenses and offsets, Debtor has unsecured claims of approximately $353,483.83.

### Status of Debtor's Payroll and Sales Tax Obligations

45. Debtor has no employees.

<u>General Description and Approximate Value of Debtor's Assets</u>

46. The real property of the Property is worth approximately $9,000,000.00.

47. The personal property at the Property is worth approximately $444,160.00.

48. The Debtor has no other significant assets.

<u>Anticipated Emergency Relief</u>

49. Debtor anticipates seeking the following emergency relief:

    a.    Motion to Use Cash Collateral

    b.    Motion for Joint Administration of Affiliate Cases

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or CM/ECF to all creditors listed on the attached mailing matrix this 5th day of July, 2016.

<u>/s/ Michael A. Nardella</u>
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com

Proposed Counsel for Debtors

```
Label Matrix for local noticing        Charter School Development Services, Inc.   Andrew M. Brumby, Esq.
113A-6                                  9111 Phillips Grove Terrace                 Shutts & Bowen LLP
Case 6:16-bk-04312-RAC                  Orlando, FL 32836-5058                      300 S. Orange Avenue, Suite 1000
Middle District of Florida                                                          Orlando, FL 32801-5403
Orlando
Tue Jul  5 14:08:50 EDT 2016

Avant Garde Academy, Inc.               Dattani & Patel Insurance                   Desai Development, LLC
3024 NW 99 PL                           Group LLC                                   9111 Phillips Grove Terrace
Miami, FL 33172-1047                    852-A West Lancaster Road                   Orlando, FL 32836-5058
                                        Orlando, FL 32809-5970

Desai Ventures, LLC                     Florida Department of Revenue               Internal Revenue Service
9111 Phillips Grove Terrace             Bankruptcy Unit                             Post Office Box 7346
Orlando, FL 32836-5058                  Post Office Box 6668                        Philadelphia PA 19101-7346
                                        Tallahassee FL 32314-6668

MES, Inc.                               Orange County Tax Collector                 Osceola County Tax Collector
6000 Metrowest Blvd.                    PO Box 545100                               2501 E. Irlo Bronson Mem Hwy
#205                                    Orlando FL 32854-5100                       Kissimmee, FL 34744-4909
Orlando, FL 32835-7631

Patrick Cavanaugh, Receiver             Richard W. Norris, P.A.                     Ryan C. Reinert, Esq.
for First Farmers Financial             7651-A Ashley Park Ct.                      Shutts & Bowen LLP
c/o Shaw Fishman Glantz &               #401                                        4301 W. Boy Scout Boulevard, Suite 300
321 N. Clark St., #800                  Orlando, FL 32835                           Tampa, FL 33607-5716
Chicago, IL 60654-4766

Stoneworks Floor &                      United States Trustee - ORL                 Vince Desai
General Maintenance                     Office of the United States Trustee         9111 Phillips Grove Terrace
3956 Town Center Blvd.                  George C Young Federal Building             Orlando, FL 32836-5058
# 602                                   400 West Washington Street, Suite 1100
Orlando, FL 32837-6103                  Orlando, FL 32801-2210

Michael A Nardella
Nardella & Nardella, PLLC
250 East Colonial Drive, Ste 102
Orlando, FL 32801-1231
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Andrew M Brumby                      End of Label Matrix
                                        Mailable recipients    18
                                        Bypassed recipients     1
                                        Total                  19
```